65 F.3d 167
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Boyd FINE, Jr., Defendant-Appellant.
 No. 94-5677.
 United States Court of Appeals, Fourth Circuit.
 Argued June 5, 1995.
Decided Sept. 6, 1995.
 
 ARGUED: Benjamin Thomas Stepp, Assistant Federal Public Defender, Greenville, SC, for Appellant. Harold Watson Gowdy, III, Assistant United States Attorney, Greenville, SC, for Appellee. ON BRIEF: J. Preston Strom, Jr., United States Attorney, Greenville, SC, for Appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, ERVIN, Chief Judge, and MOTZ, Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 After a jury trial, Appellant William Boyd Fine, Jr., was convicted of a federal gun offense and was sentenced to fifteen years' imprisonment. We affirm.
 
 
 2
 * On February 8, 1993, a deputy sheriff followed Fine into a tavern in Spartanburg, South Carolina. Upon seeing the sheriff, Fine pulled a loaded pistol out of his pocket and attempted to hand it to a companion. The sheriff arrested Fine. A grand jury returned a one-count indictment charging Fine with being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1) (1988). Following a jury trial, Fine was convicted.
 
 
 3
 At a separate sentencing hearing, the district court sentenced Fine to fifteen years' imprisonment under 18 U.S.C. Sec. 924(e)(1) (1988). That statute mandates a minimum fifteen-year sentence for persons convicted under Sec. 922(g) who have previously been convicted of three violent felonies. At the sentencing hearing, the Government proffered court records indicating that Fine had previously been convicted, in state court, of common law robbery, housebreaking, and assault and battery of a high and aggravated nature. Fine acknowledged all three convictions, but claimed that the third was invalid because it resulted from an uncounseled guilty plea. See Custis v. United States, 114 S.Ct. 1732 (1994) (denial of counsel is only ground on which predicate offense may be challenged under Sec. 924(e)(1)). The district court rejected Fine's argument, finding that Fine had been represented by counsel during the guilty plea. This appeal followed.
 
 II
 
 4
 On appeal, Fine's principal argument is that the jury instructions omitted a mens rea element of the offense of which he was convicted. Because Fine made no objection to the instructions at trial, we review only for plain error. See Fed.R.Crim.P. 52(b).
 
 
 5
 Fine was convicted of violating 18 U.S.C. Sec. 922(g)(1), which provides, in relevant part, as follows:
 
 
 6
 (g) It shall be unlawful for any person--
 
 
 7
 (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to possess in or affecting commerce, any firearm or ammunition....
 
 
 8
 Although the statutory text does not provide for any mens rea requirement, this Court has interpreted Sec. 922(g)(1) to require proof that the defendant knowingly engaged in the prohibited conduct of possessing a firearm. See United States v. Langley, No. 93-5219 (4th Cir. Aug. 14, 1995) (en banc), 1995 WL 476634, slip op. at 7. Fine argues that the statute also requires proof that a defendant engaged in the prohibited conduct while knowing that he had previously been convicted of a felony. No instruction was given on this latter point.
 
 
 9
 Fine's argument lacks merit. In our recent en banc decision in Langley, we rejected precisely the contention that Fine advances here. See id. at 5-10 (no evidence Congress intended to require knowledge of felon status). We thus find no error of any kind, much less plain error, in the mens rea instructions given to the jury in this case.
 
 III
 
 10
 Fine also argues that the district court clearly erred when it found that he had been represented by counsel during his 1971 guilty plea for assault and battery of a high and aggravated nature. We disagree. Although no transcripts were available from the state court to prove conclusively that Fine was represented by counsel, the Government did offer contemporaneous, handwritten court documents and testimony from a longtime employee of the state court clerk's office who was familiar with the documents. Based on this evidence, the district court found that Fine was represented by counsel. The court also made an express determination, based in large part on Fine's demeanor on the witness stand, that his contrary testimony was not credible. We perceive no clear error in the district court's findings.
 
 IV
 
 11
 Finally, Fine argues that the district court abused its discretion in failing to excuse a potential juror for cause and in denying his motion for a continuance after the prosecution rested its case. After a thorough review of the record, we have concluded that those contentions lack merit.
 
 V
 
 12
 For the reasons stated, the judgment of the district court is
 
 
 13
 AFFIRMED.